```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


CATHY MORRISON,               )
                              )
          Plaintiff,          )   CIVIL ACTION NO.
                              )   12-11401-DPW
                              )
     v.                       )
                              )
CERES, INC.,                  )
                              )
          Defendants.         )
```

## MEMORANDUM AND ORDER
## March 29, 2013

The pro se plaintiff in this case is proceeding in *forma pauperis* against her former employer and certain individuals alleging workplace misconduct by her coworkers.  When I stayed proceedings while I took the defendants' motions to dismiss under advisement, the plaintiff appealed to the United States Court of Appeals for the First Circuit.  The First Circuit issued mandate yesterday dismissing that interlocutory appeal and the mandate was docketed in this court today.  I will now act on the defendants' motions to dismiss.

Plaintiff's disjointed and barely comprehensible Amended Complaint alludes in a generalized fashion to the racial backgrounds of her co-workers but the significance of race has not been pled with sufficient specificity to demonstrate an actionable claim by the plaintiff under any federal employment

discrimination law. In the absence of such a federal claim, this lawsuit between non-diverse parties should not proceed further in this court.

This court is a tribunal of limited jurisdiction and cannot act on the various concerns the plaintiff has about the people around her in the absence of some jurisdictional grant.  It appears from correspondence submitted since the filing of her appeal that the plaintiff has a misunderstanding about the capacity of this court to provide remedies for her problems.  For example, in a letter docketed March 4, 2013 (#32), the plaintiff inquired: "Can you please order Pamela Hentley Lewis and Attorney John N. Flanagan to remove whatever has gotten into the walls of the house?  There is a squirrel that has gotten into the walls." This court does not have a roving commission to investigate and resolve problems and disputes generally.  In the absence of a showing that the plaintiff has a claim upon which this court can grant relief, the court may not be drawn into plaintiff's disputes.  There has been no such showing here.

Accordingly, after full consideration of the plaintiff's various articulations of the claims she seeks to make, I treat defendant's initial motion (#6) to dismiss as moot and GRANT defendant's motion (#14) to dismiss plaintiff's Amended Complaint.  The Clerk is directed to terminate this case.

                                       **/s/ Douglas P. Woodlock**
                                       DOUGLAS P. WOODLOCK
                                       UNITED STATES DISTRICT JUDGE